UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRADFORD SCOTT BEACH,

        Petitioner,

v.

        Case No. 24-cv-1268-pp

TEJUANA KING,

        Defendant.

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 8), DISMISSING *HABEAS* PETITION AND DISMISSING CASE**

On October 7, 2024, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his August 9, 2023 conviction in Milwaukee County Circuit Court. Dkt. No. 1. The petitioner says that he pled guilty to an OWI (7th, 8th or 9th). Id. at 2. He admits that he did not appeal or seek further review of the five grounds raised in his petition. Id. at 6-12. Each of the five grounds arises from the state court's decision to consider his prior out-of-state convictions.

On December 4, 2024, Magistrate Judge Nancy Joseph issued a report and recommendation that the court deny and dismiss the petitioner's *habeas* petition. Dkt. No. 8. Judge Joseph advised the petitioner that he had fourteen days from the date of the recommendation to object to it; that means he was required to object by December 28, 2024. That deadline has passed and the court has not received an objection

1

## I. Legal Standard

The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

## II. *Habeas* Petition

Each of the petitioner's stated five grounds for relief relate to his prior out-of-state convictions. He asserts that neither the court nor the prosecutor could reference his prior out-of-state convictions because Wisconsin is one of four states that does not share information under the Driver License Compact.[1] Dkt. No. 8 at 9.

In his first ground for relief, the petitioner argues that the district attorney failed to "practice due diligence" and exceeded his prosecutorial authority by including "out of state information" as part of the state's case. Id. at 10. His second ground for relief asserts that the prior out-of-state convictions should not have been "admissible in confinement/penalty calculations" because he was not a resident of this state between 2006 and 2012. Id. at 11. The third ground for relief adds a due process argument,

---

[1] According to the National Center for Interstate Compacts, the Driver License Compact is an interstate compact used by states "to exchange information concerning license suspensions and traffic violations of non-residents and forward them to the state where they are licensed known as the home state." https://compacts.csg.org/compact/driver-license-compact.

2

asserting that "testimony by the state was introduced in the initial proceedings without regard to standards of law" and that the "non-admissible violations" inflated his minimum "to double the time of confinement." Id. In his fourth ground for relief, the petitioner argues that his counsel was ineffective in failing to challenge the court's reliance on the out-of-state convictions. Id. at 12. The fifth ground is somewhat confusing; the petitioner appears to reference his earlier 2015 conviction following a jury trial in which the out-of-state convictions were not referenced. He doesn't assert any constitutional violation but opines that the district attorney and the court got it right in that case by "not allowing out of state convictions of this nature admitted as evidence." Id. at 6. He argues that "doing so would have violated [the petitioner's] rights by violating the rule of law which in turn violates Wisconsin Constitution." Id.

### III.    Report and Recommendation

Judge Joseph recommended that the court deny the petition for several reasons. She explained that evidentiary rulings are not cognizable in a *habeas* proceeding, dkt. no. 8 at 2 (citing Robertson v. Hanks, 140 F.3d 707, 712 (7th Cir. 1998), and that the federal court cannot address errors of state law, Perruquet v. Briley, 390 F.3d 505, 512 (7th Cir. 2004)). Judge Joseph observed that the petitioner had entered a guilty plea and therefore had waived non-jurisdictional challenges to the constitutionality of his conviction. Id. (citing United States v. Brown, 870 F.2d 1354, 1358 (7th Cir. 1989)). She recounted that the petitioner has not challenged the knowing and voluntary nature of his

3

plea. Id. at 3. Finally, Judge Joseph found that the petitioner had not exhausted his state remedies. Id.

## IV. Analysis

The court agrees with Judge Joseph that it must dismiss the petition.

The petitioner has failed to comply with several procedural rules governing *habeas* cases. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for filing a *habeas* petition in federal court. 28 U.S.C. § 2244(d). A petition that is filed after the one-year period is time-barred and must be dismissed. Id. Under AEDPA, the one-year period generally begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A); Dodd v. United States, 545 U.S. 353, 357 (2005). The petitioner did not file a direct appeal to the Wisconsin Court of Appeals. Under Wis. Stat §809.30(2)(b), the petitioner was required to file a notice of intent to appeal "within 20 days after the date of sentencing or final adjudication"—that is, by August 29, 2023. He filed his *habeas* petition in this court on October 7, 2024 (over a year later), then filed a notice of intent to appeal in state court on November 19, 2024. State of Wisconsin v. Bradford Scott Beach, Milwaukee County Circuit Court Case No. 2023CF000761 (available at https://wcaa.wicourts.gov). He appears to have filed an untimely notice of appeal in the state court on December 4, 2024. Id. His conviction became "final"—and his one-year limitation period began to run—on August 29, 2024. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) ("with respect to a

4

state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires"). Mindful that the statute of limitations is an affirmative defense, the court is not dismissing on this ground; it points this out as one of several obstacles the petitioner faces.

The fact that petitioner did not timely appeal poses an additional obstacle. The Wisconsin Court of Appeals rejected his late filing on December 30, 2024. Beach, Case No. 2023CF000761. With few exceptions, a petitioner must exhaust available state-court remedies before a district court will consider the merits of a constitutional claim in a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). That means that the "petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)). Failing to present each *habeas* claim to the state courts is a "procedural default" that bars federal review on the merits. Weddington, 721 F.3d at 456. If an incarcerated person files a federal petition without exhausting his state court remedies, the federal court may dismiss the petition without prejudice so that the prisoner can return to state court to exhaust remaining remedies. Bolton v. Akpore, 730 F.3d 685, 696 (7th Cir. 2013). But when the incarcerated person did not fairly present his claim and it is now too late to return to state court to do so, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but

5

rather the separate but related doctrine of procedural default." Id.; see also Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004); Perruquet, 390 F.3d at 514.

Even if he were not facing those procedural obstacles, the petitioner admits that he entered a guilty plea. He has not asserted that his lawyer was ineffective in advising him to enter the plea. The minutes on the publicly available docket reflect that the Wisconsin Circuit Court judge found that the defendant "knowingly, voluntarily and intelligently waived his rights." Beach, Case No. 2023CF000761. The petitioner argues that his attorney should have challenged the court's consideration of his out-of-state convictions. Dkt. No. 1 at 12. But the Supreme Court has held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973). Essentially, the effect of this rule is that "once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." United States v. Brown, 870 F.2d 1354, 1358 (7th Cir.1989).

Finally, "errors of state law in and of themselves are not cognizable on *habeas* review." Perruquet, 390 F.3d at 511; Shaw v. Wilson, 721 F.3d 908 (7th Cir. 2013) (federal courts can't review a state court's resolution of state-law questions). To the extent that the petitioner is challenging decisions made by

6

the prosecutors to charge him under state law or he is challenging the evidence considered by the judge in imposing his sentence, those arguments arise under state law. Admittedly, ground three says, among other things, that "lack of due process occurred when testimony by the state was introduced in the initial proceedings" and when the "non-admissible violations" were used during his sentencing to enhance the length of confinement. Dkt. 8 at 11. There may be some instances where consideration of certain evidence at sentencing may violate the due process clause. For example, a criminal defendant has the due process right to be sentenced based on accurate information. Ben-Yisrayl v. Buss, 540 F.3d 542, 554 (7th Cir. 2008). But to be actionable, the information upon which the sentencing court relied must be incorrect and "materially untrue.'" Promoter v. Pollard, 628 F.3d. 878, 888 (7th Cir. 2010). The petitioner has not asserted that the information upon which the state court relied was inaccurate or untrue; he has alleged that the court made the erroneous decision to admit his prior out-of-state convictions during an initial phase of the criminal proceedings and/or during his sentencing. He is challenging an evidentiary decision, even though he labels it as a due process violation.

The greatest obstacle to the petitioner's quest for *habeas* relief is that the petitioner admits that he has not given the state courts an opportunity to rule on this claim. Based on that procedural default, the court must dismiss the petition.

## V. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find the district court's "assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the petitioner admits he has never raised his federal *habeas* claims in the state courts, the claims arise under state law and because they follow the entry of a guilty plea, the court does not believe a reasonable jurist would find Judge Joseph's decision clearly erroneous or the court's rulings debatable.

## VI. Conclusion

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 8.

The court **DISMISSES** the *habeas* petition and **DISMISSES** the case. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 10th day of January, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge